UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RELLA RACKMEL | CIVIL ACTION |
| VERSUS | NO. 08-321 |
| STEVE CONDELL AND<br>HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST | SECTION: "C" (4) |

## ORDER AND REASONS

This removed matter comes before the Court on the issue of whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

Plaintiff alleges she was stopped at a red light when the vehicle driven by Steven Condell, a New Jersey resident, ran into her vehicle. The matter was originally filed in Civil District Court, Parish of Orleans, and removed on the basis of diversity jurisdiction. With regard to the amount in controversy, the removing party, Hartford Insurance Company of the Midwest, stated "at the time of commencement of said action, and at the present time, the amount in controversy arguably exceeds the sum of $75,000.00 in value, exclusive of interest and costs." Rec. Doc. 1 at p. 3.

To ascertain whether the amount in controversy requirement is present, the Court ordered the parties to brief the issue. In support of the matter remaining in federal court, defendant submits that the Original Petition for Damages provided no indication of the amount of damages so, counsel for defendant forwarded to counsel for plaintiff a request that he stipulate that his client's damages were less than $75,000. Rec. Doc. 11 at pp. 1-2. When plaintiff's counsel refused to do so, and because of the type of damages sought in the Petition, defendant removed the matter to this Court. Plaintiff provides that she treated one year for the injuries received in the accident and that her

1

medical expenses as of March 3, 2008, equal approximately $7,000. Further, she states that she has been diagnosed with lumbar spondylosis and that surgery has not been recommended nor is she aware of any surgical indications at this point. Rec. Doc. 13 at p. 2. Regarding the lack of stipulation, plaintiff suggests she is not aware of any requirement that she make such a stipulation and that her failure to do so is not sufficient to sustain this Court's jurisdiction.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc*., 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

When the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. *Simon,* 193 F.3d at 850. A defendant makes this showing when it is facially apparent that the claims are likely to exceed $ 75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. *See id.* The defendant must do more than point to a state law that might allow plaintiff to recover more than what is pled; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $ 75,000. *See De Aguilar, 47 F.3d at 1412.* If defendant meets its burden in either of these ways, the plaintiffs must then show with legal certainty that their claims are really less then $ 75,000. *See id. at 1411-12*.

The defendant has not met its burden. First, it is not facially apparent in the Petition for Damages that the claims meet or exceed the jurisdictional limit as the Petition is silent as to the amount of damages sought. Second, defendant has not shown by a preponderance of the evidence that the facts of this case support a finding of the jurisdictional minimum. In fact, defendant put forth no evidence at all. Instead, it relies Plaintiff's lack of entering into a stipulation coupled with the damages clause of her Petition for Damages seeking damages for approximately ten separate categories[1] of loss as enough to show that the case should remain in federal court. However, defendant has presented no evidence to this Court concerning how much is in controversy with

---

[1] Plaintiff lists her damages as: "past, present and future pain and suffering; past, present and future medicals; past, present and future loss of enjoyment of life; past, present and future humiliation, embarrassment and inconvenience; past, present and future mental anguish; past, present and future lost wages; property damage to her vehicle; loss of use of her vehicle; past, present and future loss of earning capacity; and any other damages which may be shown upon the trial of this matter." See Exhibit "A" at ¶ 6 attached to Rec. Doc. 1.

regard to each of these categories of damages nor presented to the Court jurisprudence or a quantum analysis demonstrating amounts awarded by other courts for similar injuries and treatment periods.

On the other hand, plaintiff has provided that her medical expenses for her year of treatment equal approximately $7,000 and provides that she is no longer seeking treatment of her lumbar condition. She also acknowledges that surgical intervention is not warranted. While Plaintiff has likewise cited no authority indicating that her injuries and treatment, as well as the damages she seeks, are less than $75,000, this is not her burden. Defendant has the initial burden to show that the jurisdictional minimum exists at the time of removal. Defendant's bare assertion that the amount in controversy is "arguably" met and its complete lack of concrete evidence in support, are insufficient for this Court to find that it has jurisdiction.

For these reasons, the Court finds that the defendant has not established, by a preponderance of the evidence, that this Court has diversity of citizenship jurisdiction.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 25th day of June, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**